*231 Concurring Opinion by
NAKAMURA, C.J.
I concur in the decision to affirm the judgment of the Circuit Court of the First Circuit (Circuit Court), but write separately to explain my reasoning.
Hawai'i Administrative Rules (HAR) § 12-121.2-1 (2003) adopts and incorporates federal regulations pertaining to “Fall Protection,” including 29 C.F.R. § 1926.501(b)(1).[1] Federal courts have construed 29 C.F.R. § 1926.501(b)(1) as requiring not only that a personal fall arrest system be made available to employees, but that the protective system be used. N & N Contractors, Inc. v. Occupational Safety & Health Review Comm’n, 255 F.3d 122, 126 (4th Cir.2001) (construing 29 C.F.R. § 1926.501(b)(1) “as requiring the prescribed safety precautions be fully implemented before the employee is exposed to the hazard” because “a fall arrest system is useless unless it is properly secured as soon as the danger of falling arises”); W.G. Yates & Sons Constr. Co. v. Occupational Safety & Health Review Comm’n, 459 F.3d 604, 605-06, 608-09 (5th Cir.2006) (concluding, in a case where fall protection harnesses were apparently available, that an employee’s conduct in working without fall protection was “violative of 29 C.F.R. § 1926.501(b)(1),” but remanding for determination of whether the employer could be imputed with knowledge of the violation).
Based on these precedents, I do not believe that 29 C.F.R. § 1926.501(b)(1) and HAR § 12-121.2-1 are satisfied simply by a showing that the employer provided or made available a personal fall arrest system to employees, without regard to whether the protective system was actually used. Nevertheless, to establish a violation of an occupational safety standard, the Director of the Department of Labor and Industrial Relations (Director) must prove, among other things, that the employer knew or should have known of the violative condition with the exercise of due diligence (hereinafter, the “state-of-mind element”). Dir., Dep’t of Labor & Indus. Relations v. Maryl Pac. Constructors, Inc., Case No. OSAB 2001-1, 2002 WL 31757252, at *6; see N & N Contractors, 255 F.3d at 126 (requiring proof of “the employer’s actual or constructive knowledge of the violation”).
Here, the “violative condition” was the failure of Frank Montayre, Jr. (Montayre), an employee of Permasteelisa Cladding Technologies, Ltd. (Permasteelisa), to use personal fall arrest protection equipment while working near an unprotected edge of a lanai on the 46th floor. As the result of the state-of-mind element, an employer is not strictly liable if an employee fails to use a personal fall arrest system provided by the employer. Instead, the Director must prove that the employer knew or should have known that the personal fall arrest system was not being used.
The Hawai'i Labor Relations Board (HLRB) found that because Montayre was “a working foreman with a reputation of being safety conscious for himself and his men, [Permasteelisa] had no reason to expect that Montayre would proceed to work on the lanai without his fall protection equipment.” The HLRB further found that Montayre was trained in the use of the personal fall arrest system supplied by Permasteelisa; that Per-masteelisa instructed its employees to wear and properly anchor their personal fall arrest protection equipment in controlled access zones; and that Unit 4602, from which Mon-tayre fell, had been set up as a controlled access zone and precautions had been taken to warn employees of potential danger from the incomplete lanai railings in that unit. There was substantial evidence in the record to support these finding, which were not clearly erroneous.
In my view, the Circuit Court properly affirmed the HLRB’s decision on the ground that the Director did not satisfy the Director’s burden of proving that Permasteelisa knew or should have known that Montayre would fail to use the personal fall arrest protection equipment provided by Permas-teelisa. I would affirm the Circuit Court’s *232 judgment on that basis and therefore concur in the result reached by the majority.

. 29 C.F.R. § 1926.501(b)(1) reads as follows: Unprotected sides and edges. Each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8 m) or more above a lower level shall be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems.